IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONZELL LOWE,

          Plaintiff,

v.

TARRY WILLIAMS, *et al.*,

          Defendants.

Case No.: 1:16 cv 08274

Honorable Steven C. Seeger

**PLAINTIFF'S MOTIONS IN LIMINE**

      Plaintiff Donzell Lowe submits these motions in limine in anticipation of trial and respectfully states:

      1.     Plaintiff, an inmate at Stateville Correctional Center, brings this action under 42 U.S.C. § 1983. Plaintiff alleges that he was obviously and seriously ill for several days in his cell, and correctional and medical personnel at Stateville deliberately disregarded his requests for medical treatment, resulting in his unnecessary suffering in violation of the Eighth Amendment.

      2.     Judge Kendall had scheduled this case for a jury trial for April 29, 2021. [229]. After this case was transferred, this Court ordered the parties to propose other trial dates. [236]. After meeting and conferring, the parties informed this Court that all parties are available for trial on May 26 and 27, 2021. [237]. The parties await further advice from the Court as to when trial will proceed. Plaintiff anticipates that the trial will take two days.

      3.     Plaintiffs submits these motions in limine in advance of trial. Courts have broad discretion to manage the submission of evidence through motions in limine. *Luce v. United States*, 469 U.S. 38, 41 (1983); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Motions in limine may be presented any time before trial. *SEC v. Ferrone*, 163 F. Supp. 3d 549, 554 (N.D. Ill. 2016).

**I.      Motion to Bar References to or Evidence of Plaintiff's Arrests, Convictions, Criminal Record, Gang Affiliation, Disciplinary History, and Prior Lawsuits**

4.      Pursuant to Federal Rules of Evidence 402 and 403, Plaintiff moves to bar any evidence of or reference to his arrests, convictions, criminal record, gang affiliations, disciplinary history, and prior lawsuits.

5.      Plaintiff was convicted of violent crimes, including murder, attempted murder, and aggravated battery. Those convictions resulted in a 50-year prison sentence. Plaintiff has now been incarcerated for over 20 years. After his convictions, Plaintiff unsuccessfully pursued civil actions, including a habeas corpus petition. Plaintiff's crimes and post-conviction actions did not involve false statements or dishonest acts, and none were connected to the occurrences which prompted Plaintiff to file this lawsuit.

6.      Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402; *see, e.g.*, *Bruce v. City of Chi.*, No. 09 C 4837, 2011 WL 3471074, *9 (N.D. Ill. July 29, 2011) ("The prejudice resulting from the introduction of evidence of Plaintiff s prior arrests outweighs the limited relevance that such evidence would have in this case."); *Young v. County of Cook*, No. 06 C 552, 2009 WL 2232782, *6 (N.D. Ill. July 27, 2009) (Section 1983 case; court excluded evidence of prior bad acts and arrests, which were not probative to as to credibility: "even if a cogent argument to the contrary could be made, the Court would exclude such evidence as grossly unfairly prejudicial in a weigh that greatly outweighs its probative value").

7.      Evidence of Plaintiff's crimes, convictions, criminal record, disciplinary history, conduct violations, gang affiliation, and prior litigation is not relevant to whether Defendants were deliberately indifferent to Plaintiff's medical needs, and should be barred under Fed. R.

2

Evid. 402. Such evidence would confuse the jury and detract its attention from Plaintiff's case, and "induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence basis rather than on the evidence presented." *Common v. City of Chi.*, 661 F.3d 940, 947 (7th Cir. 2011) (quoting *United States v. Albiola*, 624 F.3d 431, 440 (7th Cir. 2010)).

8. This Court should also exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Civil rights actions, which "serve an essential deterrent function in hopes of protecting citizens' vital rights 'often pit unsympathetic plaintiffs-criminals, or members of the criminal class. . . against guardians of the community's safety . . .'"; thus, "courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992) (ellipses in original) (quoting *Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990)).

9. Evidence of or references to Plaintiff's crimes, convictions, criminal record, disciplinary history, conduct violations, gang affiliations, and prior litigation should be barred under Rule 403 because they would mislead, confuse, and inflame the jury, and unfairly prejudice Plaintiff. The issue is Defendants' conduct. Plaintiff's criminal history long preceded, and are not probative of, his allegations here. Any such evidence would be highly inflammatory, and the "danger of unfair prejudice substantially outweighs what little probative value" such evidence might possibly have. *See Jordan v. City of Chi.*, No. 08 C 6902, 2011 WL 6119147, *2 (N.D. Ill. Dec. 8, 2011) (excluding evidence of past arrests: "the jury may use the evidence of these prior arrests to conclude that Van Allen and Hinton are 'bad people'"; "there is a real danger that the jury will reject Van Allen's claims on conduct that has nothing to do with the

3

events in question"); *Smith v. Cook County*, No. 05 C 1264, 2009 WL 961234, *5 (N.D. Ill. Apr. 8, 2009) (excluding evidence of prior crimes, conduct, and incarcerations: "To the extent that such evidence has any probative value to demonstrate Smith's familiarity with the medical procedures at the Cook County Jail, that slight probative value is substantially outweighed by the danger of unfair prejudicial effect of such evidence and is therefore barred by Rule 403."); *Moss v. Westerman*, No. 04-CV-0570-MJR, 2008 WL 4148588, *2 (S.D. Ill. Sept, 3, 2008) ("the probative value of the specific crime for which Plaintiff was incarcerated, aggravated criminal sexual assault of a victim under the age of 13, as well as the details surrounding it, are substantially outweighed by the danger of unfair prejudice to Plaintiff").

10. Accordingly, Plaintiffs requests the entry of an order barring any evidence of or reference to his arrests, convictions, criminal record, gang affiliation, disciplinary history, and prior lawsuits.

**II. Motion to Bar Arguments and References to Jurors' Pecuniary Interests**

11. Plaintiff moves to bar any argument referencing jurors' pecuniary interests, such as arguments to jurors as taxpayers or to the financial condition of the State of Illinois.

12. "[A]n appeal to the pecuniary interests of the jurors is unquestionably an unacceptable predicate for argument" because "pecuniary interest would necessarily disqualify a prospective juror from service." *United States v. Scott*, 660 F.2d 1145, 1170 (7th Cir. 1981); *United States v. Schimmel*, 943, F.2d 802, 806 (7th Cir. 1991); ("remarks that appeal to jurors' pecuniary interests as taxpayers are, of course, generally improper"). Such arguments suggest that jurors should not take seriously Eighth Amendment safeguards "against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v.* Gamble, 249 U.S. 97, 103 (1976)).

13. Accordingly, Plaintiff requests the entry of an order bar any argument appealing to jurors' pecuniary interests.

### III. Motion to Exclude Nonparty Witnesses from the Courtroom During Testimony

14. "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Rule 615(a) does not apply to parties who are natural persons. This Court has "broad power to sequester witnesses before, during, and after their testimony." *Geders v. United States*, 425 U.S. 80, 87 (1976).

15. A witness who concludes his or her testimony and remains to observe the trial is prohibited from testifying in rebuttal. *United States v. Tedder*, 403 F.3d 836, 840 (7th Cir. 2005) ("If [defendant] wanted this witness available for rebuttal, he should have kept him out of the courtroom.")

16. In the event that a non-party is called as a witness, an order covering these circumstances would properly prevent the contamination of witness testimony at trial, and ensure that the testimony of witnesses will not be influenced by what they have heard from other witnesses who preceded them. *Geders*, 425 U.S. at 87.

17. Accordingly, Plaintiff requests the entry of an order excluding nonparty witnesses from the courtroom during testimony.

Dated: April 5, 2021                                DONZELL LOWE,

                                                                     By: */s/ Jonathan L. Loew*
                                                                             One of His Attorneys

Steven P. Blonder (sblonder@muchlaw.com)
James L. Wideikis (jwideikis@muchlaw.com)
Jonathan L. Loew (jloew@muchlaw.com)
Much Shelist, P.C.
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60606-2000
Ph. 312-521-2000

**CERTIFICATE OF SERVICE**

Jonathan L. Loew, an attorney, certifies that on April 5, 2021, he caused the prefixed Plaintiff's Motions in Limine to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division by using the CM/ECF system, which will send notification of such filing to all parties of record.

<i>/s/ Jonathan L. Loew</i>